**IN THE UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| SHERRY L. MASSENGALE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WALGREEN COMPANY, and )<br>THOMAS MIKRUT in both his official )<br>capacity and his personal capacity, )<br>)<br>Defendants. ) | Civil Action No. _____ |

**COMPLAINT AND JURY DEMAND**

COMES NOW Plaintiff, Sherry L. Massengale, by counsel, Austgen Kuiper Jasaitis P.C., by Attorneys David M. Austgen, Ryan A. Deutmeyer, and Jeff K. Williams, and for her Cause of Action against Defendants, Walgreen Company and Thomas Mikrut in both his official capacity and his personal capacity, does state and allege as follows:

**PARTIES**

1. That at all relevant times, Plaintiff, Sherry L. Massengale, (hereinafter, "Massengale"), was and is a resident of Lake County, Indiana.

2. That Plaintiff, Massengale, is now a forty-three (43) year old female.

3. That at all relevant times, Defendant, Walgreen Company, (hereinafter, "Walgreens) was and is a foreign for-profit corporation authorized to conduct business in the State of Indiana with multiple stores located across Lake County, Indiana.

4. That at all relevant times, Defendant, Thomas Mikrut, (hereinafter, "Mikrut"), was a resident of the State of Illinois, and employed by Walgreens, as a District Manager over a number of the Walgreens stores located throughout Lake

County, Indiana.

## JURISDICTION AND VENUE

5. Plaintiff brings her Complaint under federal question jurisdiction, 28 U.S.C. § 1331, as the federal questions that are the subject matter of this Complaint are found in violations of Title VII of the Civil Rights Act of 1964, as amended, and violations of the Age Discrimination in Employment Act, as amended from time to time.

6. That Massengale originally filed a Charge of Discrimination against Walgreens with the Equal Opportunity Employment Commission's (hereinafter, "EEOC") Indianapolis, Indiana Division.

7. That the EEOC issued Massengale a "Notice of Suit Rights" under EEOC Charge No. 470-2019-03470, which Notice was received by Massengale on July 31, 2019.

8. That at all relevant times, Defendant, Walgreens, was an "employer" as defined by 42 U.S.C. § 2000e.

9. That at all relevant times, Defendant, Mikrut, was a "person" as defined by 42 U.S.C. § 2000e.

10. Venue in the Northern District of Indiana is founded upon 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this judicial district and the store location where Plaintiff was employed by Defendants is located in this judicial district.

## COUNT I
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

11. That Plaintiff incorporates Rhetorical Paragraphs 1 through 10, stated above, as if fully set forth herein.

12. That Plaintiff, Massengale, was employed by Defendant, Walgreens, from August, 1992, until sometime in late 1997, and again from the early part of 1999 until August 12, 2018.

13. That throughout the course of her employment with Defendant, Walgreens, Massengale held positions beginning as a cashier with later promotions to assistant store manager and store manager.

14. That prior to 2018, Massengale had never been disciplined by Walgreens.

15. That in January, 2018, Massengale, at the direction of Walgreens District Manager, Phebe Rodgers, in January, 2018, delivered a Performance Improvement Plan to Andrew Skripac, the Pharmacy Manager for the Walgreens location where Plaintiff was employed as the Store Manager.

16. That the Performance Improvement Plan (hereinafter, "PIP"), that was delivered to Andrew Skripac had been previously approved by District Manager Phebe Rodgers; Human Resource Generalist, Tracy Gore and the Employee Relations Department of Walgreens.

17. That the PIP that was delivered to Andrew Skripac was related to his absenteeism from duties related to his employment with Walgreens.

18. That sometime after the delivery of the PIP to Andrew Skripac, District Manager Phebe Rodgers voluntarily transferred to another District for personal reasons.

19. That following the departure of District Manager Phebe Rodgers, Mikrut was appointed by Walgreens to replace Phebe Rodgers as District Manager responsible for the Walgreens location at which Plaintiff was the Store Manager.

20. That Mikrut express to Plaintiff his displeasure with Plaintiff for the PIP which had previously been delivered to Andrew Skripac.

21. In June or July of 2018, Plaintiff participated in an "Imergen" meeting with other Walgreens store managers that was intended to be an anonymous feedback session with a Walgreens Human Resource Generalist regarding interactions with Mikrut.

22. Upon information and belief, Plaintiff and two other Walgreens store managers had negative comments regarding Mikrut.

23. Upon information and belief, in the time period following the "Imergen" meeting, Plaintiff and the two other Walgreens store managers who had negative comments about Mikrut at the "Imergen" meeting were given disciplinary action in retaliation for their feedback.

24. In retaliation for the PIP given to Andrew Skripac and the negative comments made by Plaintiff at the "Imergen" meeting, Mikrut gave Plaintiff disciplinary action in the form of a PIP.

25. That following placement on a PIP, Plaintiff's store for which she was responsible was denied the resources required to maintain store performance by Defendants, Walgreens and Mikrut.

26. Upon information and belief, the Defendants' failure to approve resources necessary to maintain store performance resulted in performance deficits that were attributed to Plaintiff's performance as store manager.

27. That on or about August 12, 2018, Plaintiff, Sherry L. Massengale, was informed by Mikrut, that she would no longer be employed by Walgreens.

28. Upon information and belief, Plaintiff was terminated as a result of her store location's inability to attain performance goals, which was a direct result of the Defendants' retaliation against Plaintiff for enforcing a PIP against Andrew Skripac and providing honest feedback regarding Mikrut at the "Imergen" meeting.

29. Plaintiff suffered financial damages as a result of her termination.

WHEREFORE, Plaintiff, Sherry L. Massengale, respectfully requests a trial by jury, that the Court enter judgment in her favor and against Defendants for damages resulting from violations of the Civil Rights Act of 1964, as amended, and by granting her actual damages, consequential damages, punitive damages, reasonable attorney fees and court costs as called for under the Civil Rights Act of 1964, as amended, and for all other just and proper relief.

## COUNT II
## VIOLATIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, AS AMENDED

30. That Plaintiff incorporates Rhetorical Paragraphs 1 through 29, stated above, as if fully set forth herein.

31. Upon information and belief, Walgreens Pharmacy Manager Andrew Skripac is younger than Plaintiff.

32. Upon information and belief, Mikrut is younger than Plaintiff and was under the age of forty (40) years at the time of the events that are the subject of this Complaint occurred.

33. Plaintiff's age, being older than forty (40) years of age at the time of the events that are the subject of this Complaint, was a contributing factor in Defendants' determination to terminate Plaintiff from employment.

34. Plaintiff has suffered financial damages as a result of her termination.

WHEREFORE, Plaintiff, Sherry L. Massengale, respectfully requests a trial by jury, and that the Court enter judgment in her favor and against Defendants for damages resulting from violations of the Age Discrimination in Employment Act and by granting her actual damages, consequential damages, punitive damages, reasonable attorney fees and court costs as called for under the Age Discrimination in Employment Act, and for all other just and proper relief.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY WALGREENS

35. That Plaintiff incorporates Rhetorical Paragraphs 1 through 34, stated above, as if fully set forth herein.

36. Defendant, Walgreens, conduct towards Plaintiff was extreme and outrageous as provided herein.

37. Defendant, Walgreens, intentionally or recklessly caused Plaintiff emotional distress by:

   a. Directing Plaintiff to issue a PIP to Andrew Skripac, and appointing Mikrut, to be District Manager who did not agree with the PIP issued to Andrew Skripac;

   b. Revealing the identity of managers who made negative comments regarding Mikrut, at the "Imergen" meeting held in June or July, 2018;

   c. Issuing a PIP to Plaintiff in retaliation for issuing a PIP to Andrew Skripac and negative feedback regarding Mikrut, at the above referenced "Imergen" meeting;

   d. Reducing employee resources to cause Plaintiff's Walgreens store location to be incapable of performing to company performance requirements;

   e. Permitting Andrew Skripac to create and facilitate a hostile work environment; and

   f. Terminating Plaintiff's employment with Walgreens, after a nearly twenty (20) year career with the company and no history of disciplinary action against her.

38. The extreme and outrageous conduct of the Defendant, Walgreens, has caused Massengale to suffer from severe emotional distress and as a result, caused Massengale damages.

WHEREFORE, Plaintiff, Sherry L. Massengale, by Counsel, respectfully requests this Court enter judgment in Plaintiff's favor and against the Defendants, jointly and severally, for damages to be determined at trial, for costs of this action and for all other relief deemed just and proper in the premises.

**COUNT IV**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY MIKRUT,**
**IN HIS INDIVIDUAL CAPACITY**

39. That Plaintiff incorporates Rhetorical Paragraphs 1 through 38, stated above, as if fully set forth herein.

40. Defendant, Mikrut's, conduct towards Plaintiff was extreme and outrageous as provided herein.

41. Defendant, Mikrut, intentionally caused Plaintiff emotional distress by:

   a. Expressing frustration to Plaintiff on numerous occasions for following company instruction to issue a PIP to Andrew Skripac;

   b. Expressing anger towards Plaintiff for requesting that another store manager serve as a witness during a confrontation with another store employee;

   c. Lying to Plaintiff regarding communications with prior District Manager, Phebe Rodgers, regarding Plaintiff's work history;

   d. Placing Plaintiff on a PIP in retaliation for providing honest feedback to Walgreens regarding Mikrut's performance as a District Manager;

   e. Refusing to approve an appropriate employee scheduling budget to allow Plaintiff's Walgreens location an opportunity to achieve performance objectives;

   f. Speaking to Plaintiff's subordinate employees regarding potential disciplinary action against Plaintiff; and

   g. Untruthfully informing Plaintiff that subordinate employees were fearful of their ability to maintain their employment because of Plaintiff.  As a result of Mikrut's conduct, Plaintiff suffered legally compensable emotional distress damages.

42. Due to the conduct of Walgreen Company and Thomas Mikrut, Plaintiff has suffered severe emotional trauma.

WHEREFORE, Plaintiff, Sherry L. Massengale, by Counsel, respectfully requests this Court enter judgment in Plaintiff's favor and against the Defendants, jointly and severally, for damages to be determined at trial, for costs of this action and for all other relief deemed just and proper in the premises.

Respectfully submitted,

AUSTGEN KUIPER JASAITIS P.C.

By: _/s/ David M. Austgen_____
David M. Austgen, #3895-45

_/s/ Ryan A. Deutmeyer_____
Ryan A. Deutmeyer, #31945-64

_/s/ Jeff K. Williams_____
Jeff K. Williams, #25155-64
130 North Main Street
Crown Point, Indiana 46307
219.663.5600
Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff hereby demands trial by jury on all counts triable.

                          Respectfully submitted,

                          AUSTGEN KUIPER JASAITIS P.C.

By:    /s/ David M. Austgen
         David M. Austgen, #3895-45

         /s/ Ryan A. Deutmeyer
         Ryan A. Deutmeyer, #31945-64

         /s/ Jeff K. Williams
         Jeff K. Williams, #25155-64
         130 North Main Street
         Crown Point, Indiana 46307
         219.663.5600
         Attorneys for Plaintiff